[Civ. No. 2819.   Second Appellate District, Division One.—May 22, 1920.]*

## O. JOHNSON, Respondent, v. ORLANDO SEELYE et al., Appellants.

[1] CONTRACTS—CONSTRUCTION OF PIPE-LINE—AGREED DATE OF COMPLETION—FINDINGS—EVIDENCE.—In this action to recover for certain concrete pipe-lines laid and constructed by plaintiff upon defendants' property at their special instance and request, defendants not having questioned the fact that plaintiff had done the work alleged, nor the amount due therefor, and their sole contention having been that the pipe-lines were to be completed by a specified date, as to which there was a substantial conflict in the evidence, there was no merit in the contention that the findings adverse to defendants were not supported by the evidence.

[2] ID.—AMOUNT DUE—WAIVER OF EVIDENCE—FINDINGS.—In such action, counsel for defendants having waived the production of evidence as to the sum due from defendants to plaintiff, the latter was not called upon to make further proof in support of such issue, and defendants are in no position on appeal to question the

---

*Through mistake, this case was not previously reported.

finding of the trial court upon the score that the evidence was insufficient to justify the same.

[3] ID.—AGREED PRICE—REASONABLE VALUE—FINDINGS.—In such action, in view of defendants' admissions as to the correctness of the amounts claimed to be due in each count of the complaint, no possible prejudice could have resulted from the error of the trial court in finding that the amount claimed in the second count of the complaint was the reasonable value of the work, whereas the complaint was based upon an agreed price for the line of pipe described therein.

[4] ID.—PROPER CONSTRUCTION OF PIPE-LINE—CUSTOMARY LEAKAGE—OFFER TO MAKE REPAIRS—EVIDENCE.—In such action, the testimony having shown that in the construction of concrete pipe-lines leakage frequently follows the first use thereof, due to contraction, which has to be repaired, and hence the leaks in the pipes in question were not unusual, but were to be expected, and plaintiff having signified his willingness and stood ready to repair the same, defendants were in no position to complain of the work being improperly done.

APPEAL from a judgment of the Superior Court of San Bernardino County. H. T. Dewhirst, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. H. Jolliffe and Archie D. Mitchell for Appellants.

J. E. Burnham for Respondent.

SHAW, J.—In this action the complaint contains two counts. By the first cause of action plaintiff seeks to recover the sum of $863, alleged to be the reasonable value of a certain line of concrete pipe laid and constructed upon defendants' premises at their special instance and request; and by the second cause of action recovery is sought for the construction of another line of pipe for which defendants, as alleged, agreed to pay plaintiff $73.80. In addition to denying the allegations of the complaint, defendants filed a cross-complaint wherein they alleged the employing of plaintiff to lay both lines of pipe, which were by him to be completed by June 1, 1917; that he failed to comply with his contract in that behalf, as a result of which defendants were damaged in the sum of $2,000; all of which plaintiff, by his answer to the cross-complaint, denied.

**[1]**  The court made findings adverse to defendants, upon which judgment followed for plaintiff, and from which defendants appeal, basing their claim for a reversal upon the ground alone that none of the findings are supported by the evidence.

The contention is without merit.  That plaintiff performed the work and laid both lines of pipe appears without conflict of evidence, and the only reason assigned by defendants for not paying therefor, upon demand of plaintiff, was, according to the testimony of defendant Margaret C, Seelye, that they had not received returns from their dried fruit and did not know how much they were damaged by plaintiff's failure to construct the pipe-line by June 1st. "That is why," said the defendant, "we did not pay the bill." Defendants did not question the fact that plaintiff had done the work alleged, nor the amount due therefor.  Their sole contention was that the pipe-lines were to be completed by June 1st.  As to this, however, counsel concedes a substantial conflict of evidence thereon; hence it cannot be said the finding that no agreement was made to complete the line by such date is without support.  Neither can it be said, upon this record, that defendants' fruit was damaged as the result of an unreasonable delay on the part of plaintiff in constructing the pipe-lines.

**[2]**  Objection is made that no evidence was offered in support of the finding as to the sum due from defendants to plaintiff for the work done and performed.  While this is true, the production of evidence in support of the issues as to which such finding was adverse to defendants was, in open court, waived by counsel for defendants, who said: "We make no objection as to the amounts claimed," followed by this interrogatory from the court: "Either as to the first cause of action, or the second?" to which defendants' counsel replied: "No, your Honor.  There may be a small difference, but, as the witnesses say, it is not material." After making such statement, the effect of which was· to concede the correctness of the amount claimed to be due in each count of the complaint, plaintiff was not called upon to make further proof of such allegation, and defendants are in no position to question the finding upon the score that the evidence is insufficient to justify the same.

[3]  While the second count of the complaint was based upon an agreed price to be paid for the line of pipe described therein, the court in response thereto erroneously found that the amount claimed was the reasonable value of the work.  In view of appellants' admissions, however, as to the amount due, no possible prejudice could result from such error.

[4]  It appears that some leaks developed in the six-inch pipe-line, which, upon notice, plaintiff repaired; and when another leak developed, signified his willingness to repair the same, and went to defendants' property for such purpose, but found that defendants had disconnected the pipe-line from the intake of water, rendering it impossible for him to make the repair.  It further appears from the testimony that in the construction of concrete pipe-lines leakage frequently follows the first use thereof, due to contraction, which has to be repaired, and hence the leaks in this pipe-line were not unusual, but were to be expected.  Since plaintiff signified his willingness and stood ready to repair the same, defendants, under the circumstances, are in no position to complain of the work being improperly done.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.